IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MOST VALUABLE PERSONNEL, LLC, and
ANDREA MIHELIC, INDIVIDUALLY                                                    PLAINTIFFS

VS.                                                    CIVIL ACTION NO:  3:13CV252-MPM-DAS

CLAY AND WRIGHT INSURANCE, INC.,
ET AL.
                                                                                DEFENDANTS

# ORDER

This matter is before the court on defendants' motion (#165), which seeks to disqualify Marvin Vining as counsel for plaintiffs. After considering the motion, the court finds as follows:

Marvin Vining filed suit on behalf of Andrea Mihelic and Most Valuable Personnel, LLC on October 16th, 2013 for claims allegedly arising out of defendants' mismanagement of MVP's workers compensation insurance policies. At the time this action was filed, Vining and Mihelic were married. Although Mihelic was the sole owner of MVP, the record shows that Vining had assisted his wife to some degree in operating her business, including providing legal assistance from time to time.

Several months after the lawsuit was filed, Mihelic's deposition was taken, and she indicated on a few occasions that Vining had a better understanding of certain issues that defense counsel was exploring. Subsequently, Vining actually withdrew from representing the plaintiffs because he became aware of certain issues that would require him to be a fact witness. The defendants then noticed his deposition, and two days before the deposition was to take place, Vining entered a second appearance as counsel. The defendants now argue that Vining is a necessary witness and should be disqualified from representing plaintiffs.

In response, plaintiffs concede that they have represented Vining as a fact witness during the course of these proceedings. However, they argue now that the defendants have taken Mihelic's deposition testimony out of context. Plaintiffs also acknowledge that Vining has previously withdrawn from this case and been designated as a fact witness. Nevertheless, they argue that Vining's previous designation is now moot because it only pertained to a specific issue. Namely, Vining was designated as a fact witness with respect to the NCCI class code billing rates issue. Because this issue only concerns the actual insurance carriers, which are no longer part of this action, plaintiffs contend that Vining is no longer a necessary witness and should not be disqualified, especially since there are other witnesses who can more fully address the issues before the court.

"Disqualification cases are governed by state and national ethical standards adopted by the court." *Fed. Deposit Ins. Co. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1311 (5th Cir. 1995). The Northern District of Mississippi's Local Rule 83.5 provides: "An attorney who makes an appearance in any case in the district court is bound by the provisions of the Mississippi Rules of Professional Conduct and is subject to discipline for violating them." Relevant to this inquiry then is Mississippi Rule of Professional Conduct 3.7, which provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>   (1) the testimony relates to an uncontested issue;
>   (2) the testimony relates to the nature and value of legal services rendered in the case; or
>   (3) disqualification of the lawyer would work substantial hardship on the client.

After considering the matter and out of an abundance of caution, the court finds that Vining must be disqualified based on this standard. Admittedly, this is a close call. Nevertheless, that Vining withdrew from representing the plaintiffs, stating that "he is definitely

a fact witness in this case," provides ample support for this court's finding. Contrary to plaintiffs' argument that his designation only pertained to the NCCI billing rate issue, no such qualification exists in Vining's motion to withdraw. And even if it did, defendants contend that the billing rate issue has some bearing on the remaining defendants. Moreover, there is substantial evidence that Vining played some role in MVP, though the degree of his involvement is disputed.

Plaintiffs also argue that one of Mississippi Rule of Professional Conduct 3.7 exceptions apply. They submit that even if Vining is a necessary witness, he should not be disqualified because it would work a substantial hardship on his clients. In support, plaintiffs argue that this action is "exceptionally complicated" and Vining's thorough understanding of the issues is invaluable." By disqualifying him, plaintiffs contend that they will suffer substantial prejudice. The court agrees that plaintiffs will suffer some prejudice in losing an attorney that has been working on this case since its inception. However, Vining has already withdrawn from this action on one occasion. Nevertheless, the hardships were mitigated by the presence of plaintiffs' other capable attorneys, Steven Pittman and Jody Neyman. Therefore, because Pittman and Neyman are still representing plaintiffs, the court finds they will not suffer substantial hardship by losing Marvin Vining once again.

IT IS, THEREFORE, ORDERED that Marvin Vining is disqualified from representing the plaintiffs in this action.

SO ORDERED this, the 8th day of December, 2015.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE