IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MOST VALUABLE PERSONNEL, LLC
and ANDREA MIHELIC, Individually,                                    **PLAINTIFFS**

v.                                              Civil Action No.: 3:13-cv-00252-MPM-DAS

CLAY AND WRIGHT INSURANCE, INC.,
And DEBBIE McNEAL, Individually,                                      **DEFENDANTS**

### ORDER ON PLAINTIFFS' MOTION TO DISMISS CERTAIN CLAIMS PURSUANT TO FED. R. CIV. PRO. 41(a)(1)(A)(ii)

This matter comes before the Court on the *Motion of Plaintiff to Dismiss Certain Claims Pursuant to Fed. R. Civ. Pro. 41(a)(1)(A)(ii)* (the "Motion") [152], filed in the above-styled civil action by plaintiffs Most Valuable Personnel, LLC ("MVP"), and Andrea Mihelic (collectively, the "Plaintiffs"). Through the Motion, Plaintiffs request to voluntarily dismiss certain claims previously included in their *Second Amended Complaint* [53], as they admit that those claims are no longer supported by the evidence. Defendants Clay and Wright Insurance, Inc., and Debbie McNeal (the "Defendants") filed a *Response to Plaintiff's Motion to Dismiss Certain Claims Pursuant to Fed. R. Civ. Pro. 41(a)(1)(A)(ii)* (the "Response") [179], objecting to the Motion. Plaintiffs subsequently filed a *Rebuttal to Defendants' Response to Plaintiffs' Motion to Dismiss Certain Claims* (the "Rebuttal") [184]. Defendants thereafter filed an additional *Sur-Reply in Response to Plaintiffs' Rebuttal* (the "Reply to Rebuttal") [191]. The Court has considered the Motion, Response, Rebuttal, and Reply to Rebuttal, and is prepared to rule.

I.  **Plaintiffs' Motion to Dismiss**

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiffs request that this Court dismiss any and all of plaintiff Mihelic's claims for damages for lost income. Similarly, Plaintiffs seek to abandon any and all of plaintiff MVP's claim for damages

1

for the business's lost value.  Plaintiff Mihelic intends to pursue damages for her alleged emotional distress caused by the loss of her business and the alleged bad faith, fraud, and overbilling by the Defendants.  Likewise, MVP intends to pursue claims against the Defendants stemming from the Defendants' alleged bad faith, fraud and overbilling for MVP's insurance coverage, and for MVP's lost revenue from existing and prospective accounts.  According to the Motion, Plaintiffs "sought to have said damages dismissed by stipulation of the remaining parties but [did] not [receive] a response regarding a proposed stipulation of dismissal." [152].

Through the Response, Defendants state that they "cannot stipulate to Plaintiffs' Motion as said Motion was not brought under the proper legal basis and assert that the proper procedure for this Motion is a Motion for Leave to Amend pursuant to Rule 15 of the Federal Rules of Civil Procedure." [179]. Defendants suggest that the rule under which Plaintiffs are attempting to travel is reserved for dismissals of actions (not claims) by stipulation of all parties without court order. Rather, Defendants posit that the Plaintiffs should have filed a Motion for Leave to Amend the Second Amended Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.

Considering the pleadings and arguments asserted, the Court is of the conclusion that the Defendants are correct in their legal analysis, and that Rule 41 is not the appropriate procedure by which to travel under these circumstances.  The subsection under which Plaintiffs proceed appears to pertain only to dismissal of entire actions and not of individual claims.  The Plaintiffs' analysis relating to the 1991 Amendments does nothing to change this conclusion.  Accordingly, on these grounds, the Motion is due to be denied.

At this time, however, the Court would be remiss not to express its frustration with what has become inordinately contentious behavior on the part of counsel for the parties in this case

(on this issue and in others which have come up in the course of litigation). In the present instance, the Plaintiffs are attempting to dismiss certain of their own claims, thereby necessarily reducing the potential liability for Defendants. Defendants have not raised a single argument as to how they would be harmed or prejudiced by the dismissal of these claims. Rather, one could only imagine it would inure to Defendants' benefit. Accordingly, although the Court appreciates Defendants' attention to proper and correct procedure, it must also take this opportunity to express its regret that the parties were not able to agreeably resolve this issue. Legal proceedings must be bottomed on a fair-minded search for truth. Filings designed to frustrate that process are disfavored. Litigators are cautioned not to chase every rabbit thrown in the thicket by opposing counsel. Rather, those engaged in the adversarial process should (out of fairness to the Court, to counsel opposite, to themselves, and more importantly to their clients), with disciplined intellect, determine which issues are truly worth disputing.

## II. Court's *Sua Sponte* Motion to Dismiss

As stated above, the Court recognizes that the Plaintiffs mistakenly attempted to proceed with the dismissal of certain claims under Rule 41(a)(1)(A)(ii), which does not in fact apply to the given facts and circumstances. The Court has no choice but to deny that Motion. However, that does nothing to resolve the actual issue of the pending, unsubstantiated claims.

The Court rarely faces such issues, as it is unusual for a defendant to contest the dismissal of claims against him. While the Court must deny the Plaintiffs' Motion, it must also still consider the fact that the Plaintiffs have admitted that certain claims advanced in the Second Amended Complaint do not meet the pleading requirements as set forth by the Federal Rules of Civil Procedure. Rule 8 reads, in pertinent part:

(a) A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. PRO. 8.

Also central to this predicament is Rule 12(b)(6), which provides, in part, that:

(b) Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
 (6) failure to state a claim upon which relief can be granted

FED. R. CIV. PRO. 12

Since the Plaintiffs selected an incorrect avenue to dispose of these claims, the Defendants have not filed their own 12(b)(6) motion to dismiss the admittedly meritless claims, and the parties were unable and/or unwilling to dispose of the claims through an agreed order, the Court is left to rely on its own powers to resolve this issue.

Case law is clear that "a district court is 'authorized to consider the sufficiency of the complaint on its own initiative.'" *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007) (quoting *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir.1991)). Fifth Circuit precedent is also clear that "a district court may dismiss a claim on its own motion as long 'as the procedure employed is fair.'" *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014)(quoting *Lozano v. Ocwen Federal Bank, FSB,* 489 F.3d 636 (5th Cir.2007)).

> "[O]ur prior case law has 'suggested that fairness in this context requires both notice of the court's intention and an opportunity to respond.' " *Lozano,* 489 F.3d at 643 (quoting *Carroll v. Fort James Corp.,* 470 F.3d 1171, 1177 (5th Cir.2006)). "This is consistent with the view of three other circuits that district courts should not dismiss claims *sua sponte* without prior notice and opportunity to respond." *Carroll,* 470 F.3d at 1177.

*Davoodi*, 755 F.3d at 310.

This Court now relies on such precedent, and files this, its *sua sponte* motion to dismiss those claims for damages for MVP's lost value, pursuant to Rule 12(b)(6). It is the Plaintiffs' own admission that the claims in question are not those on which relief can be granted, as there is no evidence to support them. Further, through their respective filings, both parties agree that unsupported claims for damages (as the Plaintiffs admit these to be) should not remain a part of this action. Accordingly, the Court finds that there is ample evidence that the claims are due to be dismissed, and that it is necessary for the Court to move for dismissal *sua sponte*. Given the requirement for notice and opportunity to respond, the Court files this motion with a response deadline of ten (10) days from entry of order, as detailed below.[1] Accordingly, it is hereby,

ORDERED that the *Motion of Plaintiff to Dismiss Certain Claims Pursuant to Fed. R. Civ. Pro. 41(a)(1)(A)(ii)* [152] is DENIED. It is further,

ORDERED that parties shall have TEN (10) DAYS from entry of this Order in which to file a response to the Court's *Sua Sponte Motion to Dismiss Claims Pursuant to Fed. R. of Civ. Pro. 12(b)(6)*. Failure to file a response by the given deadline will result in dismissal

---

[1] The Court has elected to proceed with a ten (10) day response period, based on the logic espoused in prior Fifth Circuit case law.

> Generally, "a district court may not grant summary judgment *sua sponte* on grounds not requested by the moving party." *Baker v. Metro. Life Ins. Co.,* 364 F.3d 624, 632 (5th Cir.2004) (quoting *John Deere Co.* v. *Am. Nat'l Bank,* 809 F.2d 1190, 1192 (5th Cir.1987)). An exception exists when the district court gives a party ten days notice; in those situations a court may grant summary judgment *sua sponte* on grounds not urged in a pending motion.

*Lozano*, 489 F.3d at 641. Although this Court is not presently considering a motion for summary judgment, it finds the ten-day period to be appropriate for procedural policy reasons. As the Fifth Circuit has indicated that ten-days' notice is adequate for summary judgment purposes, this Court considers that same ten-day notice to be more than appropriate for the possible dismissal of claims that neither party appears to argue should be part of the action.

of the referenced claims without prejudice, without further hearing or order of the Court.

SO ORDERED this the 22nd day of March, 2016.

/s/ **MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**