IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MOST VALUABLE PERSONNEL, LLC
and ANDREA MIHELIC, Individually,                                           PLAINTIFFS

v.                                                    Civil Action No.: 3:13-cv-00252-MPM-DAS

CLAY AND WRIGHT INSURANCE, INC.,
And DEBBIE McNEAL, Individually,                                            DEFENDANTS

MEMORANDUM OPINION AND ORDER
DENYING MOTIONS FOR
<u>SUMMARY JUDGMENT</u>

This matter comes before the Court for consideration on the *Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure* [209][210] filed by defendant Debbie McNeal, and the related *Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure* [211][212] filed by defendant Clay and Wright Insurance, Inc. (collectively, the "Motions"). The Motions and their respective memorandum briefs were filed on January 11, 2016. Plaintiffs Most Valuable Personnel, LLC ("MVP") and Andrea Mihelic jointly filed a *Response to the Motions for Summary Judgment* (the "Response")[221][222] on January 25, 2016, addressing the Motions together. On February 1, 2016, Defendants, collectively, filed their *Defendants' Rebuttal to Plaintiffs' Reply in Opposition to Defendants' Motions for Summary Judgment* (the "Rebuttal")[223].

Because the arguments contained in the Motions are identical (Clay and Wright Insurance, Inc.'s motion and memorandum simply incorporate the legal and authority and analysis of defendant McNeal's motion and memorandum) and because the Plaintiffs have addressed the Motions jointly, the Court now also addresses the Motions together. The Court

1

has considered the Motions, Response, and Rebuttal, as well as relevant case law and evidence, and is prepared to rule.

## I. BACKGROUND

This case was commenced with the filing of the Complaint [1] on October 16, 2013. Due to the need to make various amendments to the Complaint – including amendment of claims and parties involved – it was not until June 11, 2014 that the Plaintiffs filed the *Second Amended Complaint* [53] on which the on-going litigation is now predicated. The Second Amended Complaint, in short, sets forth claims for:

> civil fraud, intentional misrepresentation of material facts, negligent misrepresentation of material facts, willful and intentional breach of contract, breach of contract, breach of fiduciary duty, bad faith insurance, willful and intentional infliction of emotional distress, negligent infliction of emotional distress, simple negligence, gross negligence evidencing an intentional or reckless disregard for the reasonably foreseeable injuries to plaintiffs, liability of principles under the theory of respondeat superior, tortious interference with a business relationship, compensatory damages, punitive damages, attorney fees and all costs herein.

[53].

Over the course of the last several years, the substance and nature of the suit has substantially evolved. Liberty Mutual Insurance, Inc. and Travelers Commercial Insurance, Inc., originally both named defendants in the Second Amended Complaint, have since been terminated as parties on August 7, 2014, and September 28, 2015, respectively. Clay and Wright Insurance, Inc., and Debbie McNeal are the only remaining defendants. Further, through various orders entered by the Court, the claims remaining have been reduced so that the remaining claims against defendant McNeal are for 1) civil fraud, 2) intentional misrepresentation of material facts, 3) bad faith insurance, 4) intentional infliction of emotional distress, 5) tortious interference with a business relationship, and 6) gross negligence. [210]. The remaining claims

against Clay and Wright Insurance are for 1) negligent misrepresentation of material facts, 2) negligent infliction of emotional distress, and 3) simple negligence. [212]. Through the Motions, Defendants assert that the Plaintiffs have failed to establish any of the above-listed claims. They further assert that the claims are barred by the applicable statute of limitations, that the Plaintiffs have failed to establish causation and damages by expert testimony or that either plaintiff has suffered damages. The Court has considered the arguments made through the Motions, and the Plaintiffs' responses thereto, and finds the genuine issues of material fact still remain in dispute, so as to preclude summary judgment.

## II. CONCLUSIONS OF LAW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "[T]his court construes 'all facts and inferences in the light most favorable to the nonmoving party.' " *McFaul v. Valenzuela,* 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers,* 596 F.3d 260, 266 (5th Cir.2010)). If the party seeking summary judgment meets its initial burden of showing that there is no genuine issue of material fact, the nonmoving party must then "come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). The nonmoving party cannot rely on metaphysical doubt, conclusive allegations, or unsubstantiated assertions but instead must show that there is an actual controversy warranting trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Further, "[s]ummary

judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McFaul*, 684 F.3d at 571.

Considering the pleadings and supporting evidentiary submissions, the Court finds that genuine issues of material fact remain, requiring further development of evidence, and that the Defendants have failed to meet their burden as movants.

The first argument raised by the Defendants is that Plaintiffs' claims are barred by a three-year statute of limitations, as set forth in § 15-1-49 of the Mississippi Code Annotated, applying to claims for fraud and for all other actions for which no other statute of limitations is prescribed. Miss. Code Ann. § 15-1-40 ("(1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."); *Sanderson Farms, Inc. (Prod. Div.) v. Ballard,* 917 So.2d 783, 789 (Miss.2005) (ruling three-year statute of limitations applies to claims of fraud).

Mississippi law provides that "A fraud claim accrues upon the completion of the sale induced by false representation, or upon the consummation of the fraud." *Dunn v. Dent,* 169 Miss. 574, 153 So. 798 (1934). In this case, the statute of limitations would begin to run from the commencement of the insurance coverage in question, October 16, 2013. However, Mississippi law also provides that "[f]raudulent concealment of a cause of action tolls its statute of limitations." *Myers v. Guardian Life Ins. Co. of America, Inc.,* 5 F.Supp.2d 423, 431 (N.D.Miss.1998). The fraudulent concealment doctrine "applies to any cause of action." *Id.* In the present case, Plaintiff repeatedly asserts that Defendants set into motion certain events – initiated by the Defendant's own mistakes, negligence and/or fraudulent intent – which Defendants later tried to actively conceal. Accordingly, although the statute of limitations would

4

have normally run by the time of the filing of this suit in 2013, it is the Plaintiffs' contention that Defendants' fraudulent actions would have tolled the running of the statute.

On this issue, the parties have failed to submit conclusive evidence one way or the other. Although the Court can appreciate the Defendant's legal research and analysis on this issue of law, the entirety of their Motions rest on two documents. First, they submit what is repeatedly referred to in the pleadings as an "Undisputed Statement of Facts." Upon inspection of the document, however, the Court finds the Defendants' naming of the document to be somewhat disingenuous. The document is not in fact, jointly stipulated to by the parties, as the name might suggest. It is instead a "statement of facts" as interpreted and presented by the Defendant, based upon the deposition of plaintiff Mihelic. [211, Ex. A]. This document simply cherry-picks excerpts from Defendants' other piece of supporting evidence, the deposition testimony of Ms. Mihelic. [211, Ex. B]. Unsurprisingly, the Statement of Facts appears to simply highlight portions of the deposition which inure to the Defendants' benefit, while ignoring those portions which do not. Likewise unsurprisingly, in their Response, Plaintiffs point to alternating portions of that same deposition in support of their claims. However, the Plaintiffs do submit certain other pieces of evidence, which may in fact show fraudulent concealment. *See, e.g., comparing* Dkt. 222, Ex. A and Dkt. 222, Ex. B. The contradictory nature of the deposition testimonies shows the Court that there is a very real genuine issue of material fact (in this case, whether Defendants attempted to conceal any alleged fraud), such that a jury could reasonably find for the Plaintiff, and thereby making summary judgment inappropriate.

As for the assertion that Ms. Mihelic's claim for intentional infliction of emotional distress is also time-barred, the Court finds that the evidence and arguments are somewhat nebulous. As presented in the Motions, Defendants are correct that:

[t]he tort of intentional infliction of emotional distress is *of like kind or classification* as the torts enumerated in § 15-1-35, as required by *S.W. Drug Com. v. Howard Bros. Pharmacy of Jackson, Inc.*, 320 So.2d 776, 779 (Miss. 1975), and it too carries a one-year statute of limitations. *Jones v. Fluor Daniel Services, Corp.*, 32 So. 3d 417 (Miss. 2010).

[210]. However, Defendants also assert that the statute of limitations on the emotional distress claim would have run on or before March 14, 2013 – one year after the Hartford Insurance policy was cancelled. On this assertion, the Court is unconvinced of the calculation of the "start date" of the running of the limitations period. At what point the cause of action accrued is a genuine issue of material fact, and one not conclusively established and/or answered by the pleadings and evidence. Further evidentiary submissions and development of the record are needed on this issue.

Addressing *en masse* the other bases for summary judgment as presented by the Defendants, the Court similarly finds, simply put, that there remain genuine issues of material fact. As to the claim that Plaintiffs have failed to establish liability and damages by expert testimony, the Court has already explained in prior orders that the sufficiency and admissibility of expert testimony is best determined during *voir dire* of the experts, when the parties' various experts can be subject to cross examination and given the opportunity to be heard on the facts. [226][227]. Considering Defendants' assertions that Plaintiffs' have failed to establish damages, and failed to establish their claims against the Defendants, the Court again finds that the Defendants have failed to meet their burden of proof. As explained above, the Court finds the Defendants' own evidentiary submissions to be lacking as conclusive proof. The entirety of Defendants' summary judgment filings rest on a single deposition transcript, and what amounts to an abridged version of that same transcript – a far cry from the high burden of proof necessary to support summary judgment. Further, the evidentiary submissions presented by the Plaintiffs

in their Response sufficiently contract Defendants' evidence, so as to show that genuine debate exists. Even those pieces of evidence relied upon by both parties (such as plaintiff Mihelic's deposition testimony) are subject to vastly differing interpretations. As much is confirmed by the mere fact that each party argues that the same piece of evidence conclusively proves their respective – and opposite – claims.

It is the Court's obligation to view the evidence in the light most favorable to the non-moving party – the Plaintiff. In doing so, a trial judge must refrain from weighing the evidence or making credibility determinations himself. *Peel & Co., Inc. v. The Rug Market*, 238 F.3d 391, 394 (5th Cir. 2001). The Court's opinion today, denying summary judgment, should not be construed as an indication that the Plaintiffs will necessarily be successful on their claims, or that the Defendants will necessarily fail on their defenses. It is, instead, simply an acknowledgment that over the course of the three years since this case was commenced, so many genuine issues of material fact have been raised and argued (and admittedly, some resolved), that summary judgment is simply inappropriate and impossible to grant at this time.

### III. CONCLUSION

Rule 56 of the Federal Rules of Civil Procedure mandates that summary judgment is appropriately rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." FED. R. CIV. P. 56. Upon review of the pleadings and evidence, and for the reasons set forth above, the Court finds that genuine issues of material fact exist, so as to preclude summary judgment. Accordingly, it is hereby,

ORDERED that the *Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure* [209] is DENIED. It is further

ORDERED that the *Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure* [211] is DENIED.

SO ORDERED this the 22nd day of March, 2016.

                                  **/s/ MICHAEL P. MILLS**
                                  **UNITED STATES DISTRICT JUDGE**
                                  **NORTHERN DISTRICT OF MISSISSIPPI**